IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Dingle, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:23-4141-BHH |
| v. ) | |
| ) | **ORDER** |
| Leslie Armstrong, Time Mose, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Eugene Dingle's ("Plaintiff" or "Dingle") motion for preliminary injunction (ECF No. 2). The matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C.

On January 16, 2024, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiff's motion for a preliminary injunction. (ECF No. 14.) In her Report, the Magistrate Judge outlined the procedural history and the allegations in Plaintiff's complaint and motion for preliminary injunction and ultimately found that Plaintiff's motion is premature as Defendants have not yet been served and have not received notice. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). Furthermore, the Magistrate Judge found that Plaintiff has not made a clear showing of the elements necessary for obtaining the extraordinary remedy of a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.

Plaintiff filed objections on January 25, 2024 (ECF No. 18), and the matter is ripe for review.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Plaintiff first asserts that he does not consent to the jurisdiction of a Magistrate Judge pursuant to Rule 73(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(c). The Court finds no merit to this objection, however, as the matter was automatically referred a Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636**(b)** and Local Civil Rule 73.02(B)(2), D.S.C.

Next, Plaintiff objects to the Magistrate Judge's finding that the motion for preliminary injunction is premature because Defendants have not yet been served. According to Plaintiff, he delivered the summonses to the court and it is the duty of the clerk to issue them for service on Defendants. After review, the Court finds Plaintiff's objection unavailing. At the time of the Magistrate Judge's Report (and still today), Plaintiff's complaint is under review pursuant to the inherent authority of the Court to ensure that Plaintiff has standing; that the Court has subject matter jurisdiction; and that the case is not frivolous. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. Aug. 22, 2012). Thus, the Court agrees with the Magistrate Judge that Plaintiff's motion is premature at this time.

Plaintiff next objects to the Magistrate Judge's findings as to the *Winter* factors.  As the Magistrate Judge properly explained, a preliminary injunction should issue only when the moving party clearly establishes that (a) it is likely to succeed on the merits, (b) it is likely to suffer irreparable harm in the absence of preliminary relief, (c) the balance of equities tips in its favor, and (d) injunctive relief is in the public interest.  *Winter*, 555 U.S. at 22.  Furthermore, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and may never be awarded "as of right."  *Id.*

Here, Plaintiff objects to the Magistrate Judge's finding that he is unlikely to succeed on the merits because the Court lacks jurisdiction.  Plaintiff asserts that a federal court can exercise jurisdiction and enjoin a state proceeding where a plaintiff's claim is a general challenge to the constitutionality of the state law applied in the state action rather than a challenge to the state law's application in a particular case.

After *de novo* review, however, the Court finds no merit to Plaintiff's objection.  As the Magistrate Judge explained, Plaintiff is attempting to appeal the results of a state family court action to this Court, but this Court does not hear appeals from such state court actions.  Furthermore, the Court agrees with the Magistrate Judge that the *Rooker-Feldman* doctrine would be an impediment to this Court's exercise of jurisdiction.  *See Davani v. Virginia Dep't. of Transp.*, 434 F.3d 712, 719-720 (4th Cir. 2006); *see, e.g.*, *Richardson v. N.C. Dept. of Health & Human Servs.*, No. 5:12-CV-180-D. 2012 WL 4426303, at * 1 (E.D.N.C. June 29, 2012) (holding that *Rooker-Feldman* applied to a claim challenging a child support order on the grounds of violation of due process), *report and recommendation adopted*, 2012 WL 4426059 (E.D.N.C. Sept. 24, 2012); *Casey v. Hurley*,

671 F. App'x 137, 138 (4th Cir. 2016) ("To the extent [the plaintiff] seeks review of the state court's adverse decisions, the district court lacked jurisdiction to conduct such a review under the [*Rooker-Feldman* doctrine."). Additionally, the Magistrate Judge is correct that Plaintiff has alleged nothing to suggest that any of the exceptions to the Anti-Injunction Act would permit him to succeed in this action.

Next, Plaintiff objects that without an injunction, he faces incarceration, loss of his job, and "federal rights violation 18 U.S.C. 242 under the color of state law." (ECF No. 18 at 3.) Thus, Plaintiff asserts he is likely to suffer irreparable harm by a continued loop of incarceration and hardship for which there is no monetary remedy. However, after *de novo* review, it does not appear to the Court that Plaintiff has made a clear showing of a likelihood of irreparable harm that is actual and imminent as opposed to a mere possibility.

Plaintiff also objects that Defendants will not suffer harm if preliminary injunctive relief is granted and that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted. Additionally, Plaintiff asserts that granting the injunction will not be adverse to the public interest. After *de novo* review, however, the Court is not convinced by Plaintiff's arguments. Ultimately, because the Court agrees with the Magistrate Judge that Plaintiff has not made a clear showing of *any* of the four *Winter* factors, the Court finds, after *de novo* review, that Plaintiff is not entitled to the extraordinary preliminary injunctive relief that he seeks.

## **CONCLUSION**

Based on the foregoing, the Court overrules Plaintiff's objections (ECF No. 18); the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 14);

4

and the Court denies Plaintiff's motion for a preliminary injunction (ECF No. 2).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 29, 2024
Charleston, South Carolina