IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Dingle, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:23-4141-BHH |
| v. ) | |
| ) | |
| Leslie Armstrong, Candice Loreal ) | **ORDER** |
| Sterling, South Carolina Department ) | |
| of Social Services Child Support ) | |
| Enforcement Division, Dorchester ) | |
| County Family Court, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff Eugene Dingle's ("Plaintiff") pro se complaint against the above-named Defendants. (ECF No. 28.) The matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C.

On June 6, 2024, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court take the following actions: dismiss this action without prejudice, without issuance and service of process, and without leave to amend; deny Plaintiff's motion for judicial notice; and deny Plaintiff's second motion for preliminary injunction.[1] (ECF No. 29.) In her Report, the Magistrate Judge outlined the procedural history of this case and the allegations contained in Plaintiff's amended complaint and found this case subject to dismissal for lack of subject

---

[1] The Magistrate Judge previously entered a Report and Recommendation on January 16, 2024, evaluating Plaintiffs' fist motion for preliminary injunction and recommending that the Court deny the motion. (ECF No. 14.) The Court adopted her Report on January 29, 2024, and denied the motion. (ECF No. 19.) Plaintiff then filed a motion to reconsider, which the Court denied on April 2, 2024. (ECF Nos. 24, 26.)

matter jurisdiction because: (1) Plaintiff's claims are an improper attempt to appeal the results of South Carolina family court actions to this Court and are barred by the *Rooker-Feldman* doctrine[2]; (2) Plaintiff's requests for injunctive relief are barred by the Anti-Injunction Act, 28 U.S.C. § 2283; (3) the Declaratory Judgment action, 28 U.S.C. §§ 2201–2202, does not create an independent source of federal subject matter jurisdiction; (4) the Court should abstain from interfering to the extent that Plaintiff's state court proceedings remain pending, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); (5) the criminal statues cited by Plaintiff do not create a private right of action or offer a basis for the Court to exercise federal question jurisdiction; and (6) the separation of powers doctrine is not binding on the states.

Additionally, the Magistrate Judge found this case subject to dismissal for frivolousness because: (1) a substantial portion of Plaintiff's allegations are incomprehensible and comprised of legalistic gibberish; (2) Defendant Armstrong is entitled to quasi-judicial immunity for duties performed in her role as a guardian ad litem; (3) Dorchester County is not a "person" subject to suit pursuant § 1983; (4) the Ninth Amendment does not provide a basis for a § 1983 claim; (5) and the Tenth Amendment does not create a constitutional right cognizable in a civil suit.

In her Report, the Magistrate Judge also considered Plaintiff's motion for judicial notice and found that the motion did not offer a set of indisputable facts or other information

---

[2] As the Magistrate Judge noted, this is not the first action filed by Plaintiff regarding his South Carolina family court case. Specifically, Plaintiff previously filed an action in this Court against Leslie Armstrong ("Armstrong"), the guardian ad litem for the minor child at issue, and the family court judge. This Court summarily dismissed that action without prejudice for lack of subject matter jurisdiction. *See Dingle v. Armstrong, et al.*, No. 9:22-CV-2746-BHH, 2023 WL 144717 (D.S.C. Jan. 10, 2023).

Also, subsequent to filing the instant action, Plaintiff filed another case against Armstrong regarding his South Carolina family court case. *See Dingle v. Sterling, et al.*, No. 2:23-05333-BHH-MHC.

2

that may be appropriate for judicial notice. Rather, the Magistrate Judge found that the motion merely informed the Court as to Plaintiff's legal conclusions. Accordingly, the Magistrate Judge recommended that the Court deny the motion.

Lastly, the Magistrate Judge recommended that the Court deny Plaintiff's second motion for preliminary injunction, explaining that the motion is premature because the action has not yet been served and finding that Plaintiff failed to make a clear showing of the elements necessary for obtaining the extraordinary remedy of a preliminary injunction. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed written objections on June 17, 2024, and he filed a motion for leave to file a second amended complaint on July 2, 2024. (*See* ECF Nos. 31, 32.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his 44-page objections, Plaintiff generally rehashes all of his claims and asserts that federal question jurisdiction exists because he alleges claims under 42 U.S.C. § 1983

due to violations of the First, Fourth, Ninth, Tenth, and Fourteenth Amendments. (ECF No. 31 at 2-3.) He then regurgitates his specific claims against each Defendant and asserts that his claims are not barred by the *Rooker-Feldman* doctrine because his claims raise independent constitutional violations that occurred during the underlying family court proceedings. (*Id.* at 4-7.) Plaintiff repeats his alleged constitutional violations, asserting that he was not provided proper notice in the family court or the opportunity to be heard; that he was detained unlawfully; and that his right to petition the government for redress was ignored. (*Id.* at 7-9.)

Next, Plaintiff asserts that his requests for injunctive relief fall within exceptions to the Anti-Injunction Act and that the Court can entertain this declaratory judgment proceeding under 28 U.S.C. §§ 2201 and 2202 because he raises federal constitutional claims. (*Id.* at 9-15.) Plaintiff objects to the Magistrate Judge's finding that *Younger* abstention applies, asserting that his state court case has now concluded, and he asserts that the doctrine does not apply because the state court proceedings were conducted in bad faith; because Plaintiff faces irreparable injury; and because there is no adequate state remedy. (*Id.* at 15-17.) Plaintiff then rehashes the alleged violations of his First, Fourth, Ninth, Tenth, and Fourteenth Amendment rights and contends that his "claims for injunctive and declaratory relief are robustly supported by 42 U.S.C. § 1983." (*Id.* at 18-20.) Plaintiff then sets forth a list of cases he contends support his claims. (*Id.* at 20-22.)

As to the Magistrate Judge's findings regarding frivolousness, Plaintiff contends that the Magistrate Judge unfairly characterized his claims as legalistic gibberish, and he repeats his claims with various legal references. (*Id.* at 23-26.) Plaintiff also contends that his claims against Defendant Armstrong fall outside the scope of quasi-judicial immunity.

(*Id.* at 26-30.) As to the Magistrate Judge's finding that Dorchester County is not a "person" amenable to suit under § 1983, Plaintiff requests leave to amend to add the appropriate individuals associated with Dorchester County. (*Id.* at 31.) He then repeats his Ninth and Tenth Amendment allegations. (*Id.* at 31-36.)

With respect to his motion for judicial notice, Plaintiff "acknowledges that judicial notice cannot be taken for legal conclusions," but he "emphasizes that the cases cited in his motion are intended to provide a legal framework for understanding the violations of his constitutional rights." (*Id.* at 37.) Ultimately, Plaintiff "requests that the Court consider the cited cases as part of the legal context and precedent that supports his claims, rather than as adjudicative facts subject to judicial notice." (*Id.* at 38.) Plaintiff then objects to the Magistrate Judge's findings as to his second motion for preliminary injunction and asks the Court to grant the motion. (*Id.* at 38-42.)

After careful review, the Court finds Plaintiff's objections wholly unavailing. Instead, a *de novo* review of the record plainly indicates to the Court that the Magistrate Judge accurately summarized Plaintiff's claims as well as the law applicable to those claims, and the Court finds that nothing in Plaintiff's largely repetitive objections alters the Magistrate Judge's analysis. Indeed, the Court fully agrees with the Magistrate Judge's findings and recommendations, and the Court finds this action subject to summary dismissal for the myriad reasons set forth in the Report. Furthermore, the Court agrees with the Magistrate Judge that Plaintiff's motion for judicial notice is improper and that Plaintiff has failed to make a clear showing of the elements necessary for obtaining a preliminary injunction. Accordingly, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report as the order of the Court.

Finally, as to Plaintiff's motion to amend, which was filed subsequent to his objections, the Court first notes that Plaintiff does not include a proposed amended complaint with his motion. Nevertheless, the Court ultimately concludes that amendment would be futile at this time because it would not correct this case's jurisdictional deficiencies, which were carefully and correctly outlined in the Report. Accordingly, the Court denies Plaintiff's motion to amend.

## **CONCLUSION**

**Based on the foregoing, the Court overrules Plaintiff's objections (ECF No. 31); the Court adopts and specifically incorporates the Magistrate Judge's Report as the Order of the Court (ECF No. 29); the Court denies Plaintiff's motion for judicial notice (ECF No. 21); the Court denies Plaintiff's second motion for a preliminary injunction (ECF No. 23); the Court denies Plaintiff's motion for leave to file a second amended complaint (ECF No. 32); and the Court dismisses this action without prejudice, without issuance and service of process, and without leave to amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 29, 2024
Charleston, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.